**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

PEYMAN aka PATRICK MASACHI,           )
                                      )
        Plaintiff,                     )
                                      )    2:09-cv-01384-KJD-LRL
v.                                    )
                                      )    **O R D E R**
ELIAHO RAYAN, *et al.*,               )
                                      )
        Defendants.                    )
_____)

        Before the court is defendants' Motion for Sanctions Pursuant to FRCP 37(d) (#61). The court has considered the motion (#61), plaintiff's Opposition (#62), and defendants' Reply (#72). Also before the court are plaintiff's affidavit and doctor's letter (Dkt. #82), submitted pursuant to the court's Minute Order (#79).

        Plaintiff, Peyman Masachi ("Masachi"), appeared for deposition on January 26, 2010. Because the deposition could not be completed that day, the parties agreed to continue it on October 1, 2010. On September 27, 2010, Masachi's counsel, David Mincin ("Mincin"), advised defense counsel, Melanie D. Morgan ("Morgan"), that Masachi wasn't able to appear on October 1, 2010. He offered alternative dates for the continued deposition, and the parties agreed on October 26, 2010 at 9:30 a.m. Defendant Malihe Rayhan and her nephew, who is not a party to the action, flew from California to Las Vegas for the deposition, arriving on October 25, 2010. At 9:32 a.m., on October 26, 2010, Mincin called Morgan and again cancelled the deposition. He told Morgan that Masachi was at the doctor's office and would not be attending the deposition due to illness.

        Mincin arrived at defense counsel's office about a half-hour after the deposition was scheduled to begin. He would not disclose the type of illness Masachi had, nor would he tell Morgan the name of Masachi's physician. Later that day, he provided a note from Mahrdad Tafreshi, M.D., which stated

only that Masachi was unable to attend the deposition due to his medical condition. On October 28, 2010, Morgan emailed Mincin to inquire whether Masachi was willing to reimburse her clients' travel expenses and pay the court reporter for the non-appearance. Exh. F to Mot. (#61). Mincin merely replied, "no." *Id.* On November 3, 2010, in another email, Morgan stated, "Given your client's refusal to offer to pay even the court reporter's fees, I have no choice but to file a Motion for Sanctions wherein I will seek attorneys' fees." Exh. 3 to Opp'n (#62). Mincin replied that he had not understood Morgan's request to be limited solely to court reporter fees, and stated that Masachi would be willing to pay up to $200 for the fees. *Id.* The record is silent as to what other communication, if any, occurred between counsel regarding the issue. Masachi appeared for and completed the rescheduled continued deposition on November 10, 2010. Defendants filed their Motion for Sanctions on November 18, 2010, in which they ask the court to sanction Masachi in the amount of $4,000 or in the alternative to dismiss the matter with prejudice. Mot. (#61) at 7. Discovery closed on December 15, 2010. Scheduling Order (#54).

**Discussion**

Pursuant to Rule 37(d), a party may be sanctioned for its failure to attend a properly noticed deposition. Instead of, or in addition to, the sanctions available to the court under Rule 37(b)(2)(a), the court *must* require the party failing to act, his attorney or both, to pay the reasonable expenses, including payment of the other parties' attorneys' fees, unless the failure to act was substantially justified or other circumstances make the award of expenses unjust. Rule 37(d)(1)(3). Pursuant to Ninth Circuit precedent, a party fails to appear for deposition, within the meaning of Rule 37(d), where the party unilaterally cancels the deposition immediately prior to the date on which it is noticed. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir.1993) (rejecting plaintiff's contention that he "never 'failed to appear' for his noticed deposition because each such deposition was vacated" one business day before the date it was properly noticed). Some courts have held that parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear. Wayne

2

D. Brazil, 7 Moore's Federal Practice § 37.91 (Matthew Bender 3d ed.).

Here, defendants are not asserting that Masachi has refused to complete his deposition; he did complete the deposition on November 10, 2010. Rather, they complain that he won't reimburse them for the costs of the aborted deposition, especially given that Masachi's last minute cancellation was the sole reason the deposition didn't go forward. Defendants ask that he be required to pay the costs associated with the motion, the court reporter's fee, and Rayhan's and her nephew's travel expenses and lost wages for the date of the October 26, 2010 deposition. Morgan included an affidavit of fees and costs with the Reply (#72). Masachi has offered to pay up to $200 for the court reporter's fee, but no more.

Masachi contends there is no basis to sanction him for being unable to attend his deposition on October 26, 2010, because he was ill that day and was unable to participate in the deposition in a meaningful way. Opp'n (#62) at 1. The note Masachi provided to defendants stated little more than that he was unable to attend the deposition on October 26, 2010, because of medical issues. With his opposition, Masachi attached an invoice from LabCorp, which shows that at some time on October 26, 2010, a doctor ordered lab tests for him. Exh. 2 to Opp'n (#62). The court required more information regarding the alleged illness and therefore ordered Masachi to submit a sworn affidavit explaining why he was allegedly unable to provide advance notice of his alleged inability to attend his deposition, and describing the purported illness from which he suffered on October 26, 2010. The court further required a written statement from Masachi's physician setting forth the nature of his alleged illness and explaining why it allegedly prevented his from attending his deposition on October 26, 2010. Masachi has not submitted the additional information the court required.

The only reason the deposition did not go forward as scheduled on October 26, 2010 is that Masachi did not appear. Masachi may not have been feeling well that day, but neither his affidavit nor Dr. Tafreshi's statement sufficiently explain how or why Masachi was prevented from attending his deposition. Nor does it explain why, if he was so ill, he didn't notify counsel of his condition sooner

3

– at least prior to the time the deposition was to begin. Masachi has not demonstrated that his non-appearance was substantially justified so as to avoid the imposition or Rule 37 attorney's fees. This is not the first time Masachi unilaterally canceled a deposition shortly before it was to take place. Although he did complete the deposition on November 10, 2010, a party may not escape sanctions for failing to appear at previously noticed depositions simply by complying at a later time with the deposition notice. *Henry v. Gill Industries, Inc.*, 983 F.2d at 947 (affirming dismissal, noting that earlier failures to appear are not purged by subsequent compliance).

Defendants expended time and incurred costs to set up the aborted deposition; it is eminently reasonable that Masachi be responsible for those costs. Rayhan is a party to the action and was entitled to attend Masachi's deposition; her nephew, however was not. Therefore, in addition to the reasonable attorney's fees incurred by defendants in having to prepare for the canceled deposition, the instant motion (#61) and reply (#72), Masachi will be ordered to pay the costs of Rayhan's travel and lost wages, as well as the court reporter's fee.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion for Sanctions Pursuant to FRCP 37(d) (#61) is granted to the extent that plaintiff, not later than **April 15, 2011**, shall pay to defendants the sum of $965.00 as the reasonable attorney's fees incurred in preparing for the cancelled October 26, 2010 deposition and in preparing the motion (#61) and reply (#67); the sum of $195.00 for the court reporter's fee; and the sum of $912.50 for Malihe Rahil's travel expenses and lost wages; for a sum total of $2,072.50,

DATED this 18th day of March, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

4