1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8        **DISTRICT OF NEVADA**

9

10   PEYMAN, aka PATRICK MASACHI,

11        Plaintiff,                                   Case No. 2:09-CV-01384-KJD-LRL

12   v.                                                **ORDER**

13   ELIAHO RAYHAN, as Trustee of the
     EMR Family Trust, *et al*.,
14
          Defendants.
15

16

17        Presently before the Court is Defendants/Counterclaimants' Motion to Enforce Settlement

18   Agreement (#49).  Plaintiff Peyman Masachi filed a response in opposition (#53) to which

19   Defendants/Counterclaimants ("Defendants") replied (#56).

     I.  Background
20
          On August 12, 2010, Magistrate Judge Lawrence R. Leavitt held a settlement conference
21
     between the parties.  The conference was held regarding claims surrounding three limited liability
22
     companies: Lucky Kyle 106 ("Lucky Kyle"), Lucky Blue ("Lucky Blue"), and Beltway 101
23
     ("Beltway").  Other than the fact that they met for a settlement conference, the parties disagree as to
24
     what was agreed to or discussed at the conference.  Defendants believe that Plaintiff agreed to settle
25
     the Beltway 101 claim.  The alleged settlement was not placed on the record.  Defendants assert that
26

1   Plaintiff and his attorney left the settlement conference before it could be placed on the record.  The

2   magistrate judge did order the parties to file a stipulation dismissing any and all claims with regard to

3   Beltway 101.

4         Immediately following the conference, Plaintiff's counsel stated via e-mail that Masachi

5   believed that settlement of the Beltway 101 claim was contingent upon settlement of claims

6   surrounding Lucky Blue.  Plaintiff offered to stipulate to dismiss the Beltway 101 claims without

7   prejudice.  Defendants disagreed with Plaintiff's characterizations of the settlement negotiations and

8   filed the present motion to enforce the settlement agreement.

9   II.  Standard of Law and Analysis

10         The trial court has inherent authority to enforce settlement agreements between parties in

11   pending cases.  See Metronet Servs. Corp. v. U.S. West Comm'n, 329 F.3d 986, 1013-14 (9th Cir.

12   2003).   The Ninth Circuit has recognized that "it is now well established that the trial court has

13   power to summarily enforce on motion that a settlement agreement entered into by the litigants while

14   the litigation is pending before it."  In re City Equities Anaheim, 22 F.3d 954, 957 (9th Cir.

15   1994)(internal quotations omitted).

16         A settlement agreement is binding when the parties have a meeting of the minds as to all

17   essential terms to resolve the case.  See May v. Anderson, 119 P.3d 1254, 1258 (Nev. 2005).  A

18   settlement agreement need not be memorialized by a signed release to be enforceable.  Id. at 1259.

19   In May, the Nevada Supreme Court found:

20           Because a settlement agreement is a contract, its construction and enforcement
            are governed by principles of contract law.  Basic contract principles require,
21           for an enforceable contract, an offer and acceptance, meeting of the minds,
            and consideration . . . A contract can be formed . . . when the parties have
22           agreed to the material terms, even though the contract's exact language is not
            finalized until later. Id. at 1257.

23

24         Here, there can be no enforcement of the alleged settlement agreement, because other than the

25   magistrate judge's order directing the parties to file a stipulation to dismiss the claims related to

26   Beltway 101, there is no evidence that the parties had a meeting of the minds on the essential terms

2

1  of the settlement.  See Id. at 1258-59. The parties have not even produced evidence from which the

2  court could determine by a preponderance of the evidence what the essential terms of the settlement

3  would be.  Therefore, the Court denies Defendants' motion to enforce the settlement agreement.

4  III.  Conclusion

5          Accordingly, IT IS HEREBY ORDERED that Defendants/Counterclaimants' Motion to

6  Enforce Settlement Agreement (#49) is **DENIED**.

7          DATED this 28th day of September 2011.

8

9

10                                                        _____
                                                          Kent J. Dawson
11                                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3