# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PEYMAN aka PATRICK MASACHI,

    Plaintiff/Counter-defendant,

v.

ELIAHO RAYHAN, *et al*.,

    Defendants/Counter-claimants.

Case No. 2:09-CV-01384-KJD-VCF

**ORDER**

Presently before the Court is Counter-claimants' Motion for Attorneys' Fees (#133). Counter-defendant filed a response in opposition (#139) to which Counter-claimants replied (#143).

I.  Background

Lucky Blue 103, LLC is a Nevada limited liability company which was partially owned by Counter-claimant The EMR Family Trust (42.5%) and Counter-defendant Peyman Masachi ("Masachi") (1%). Masachi acted as managing member until April 2009 when members holding 99% of the interests of Lucky Blue appointed Malihe Rayhan as managing member. While he acted as managing member, Masachi took several actions whose validity were dispute by the other members. Those disputes led to the present litigation where Masachi filed a complaint for declaratory relief on which he succeeded and Counter-claimants filed several counter-claims prevailing upon their claim for conversion.

The Court granted summary judgment on Masachi's claims for declaratory relief on September 29, 2011. A bench trial was held on the remaining counter-claims on August 28 and 29, 2012. On or about April 11, 2012, Counter-claimants served an Offer of Judgment on Counter-defendant whereby they offered to settle the remaining counter-claims for $15,000.00 and an acknowledgment that Malihe Rayhan was the managing member of Lucky Blue 103, LLC. After trial, the Court entered judgment against Masachi and for Counter-claimants Malihe Rayhan and the EMR Family Trust in the amount of $22,806.08.

II.  Analysis

Counter-claimants have now moved for an award of attorneys' fees pursuant to Nev. Rev. Stat. § 17.115(4)(d) (the court may award reasonable attorneys' fees incurred by the party who made the offer of judgment from the date of service of the offer to the date of entry of judgment). Though Counter-defendant disputes that fees may be awarded under this statute in a diversity action, the Court disagrees.

In a diversity case, the determination of an award of attorneys' fees involves the application of the Erie Doctrine to offer of judgment rules. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Statutes allowing for recovery of attorneys' fees are considered substantive for Erie purposes. McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001); Walsh v. Kelly, 203 F.R.D. 597, 598 (9th Cir. 2001). Here, there is no conflict between the Federal Rule of Civil Procedure 68 and the Nevada statute as asserted by Masachi. Furthermore, Masachi's other arguments are unpersuasive. Counter-claimants clearly prevailed at trial and the fact that the offer of judgment contained a non-monetary agreement does not render the Offer invalid.

When there is a pretrial offer of judgment that the offeree refuses and the final judgment results in an outcome less favorable to the offeree, NRS § 17.115 authorizes the trial judge to award attorney fees to the offeror. In exercising its discretion, the trial court must evaluate the following factors: (1) whether a counter-claim was brought in good faith; (2) whether the offeror's offer of judgment was brought in good faith; (3) whether the offeree's decision to reject the offer and proceed

1  to trial was grossly unreasonable or in bad faith; and (4) whether fees sought by the offeror are
2  reasonable and justified in amount.  See Uniroyal Goodrich Tire Co. v. Mercer, 890 P.2d 785, 789
3  (Nev. 1995).  Having carefully considered and weighed the four factors, the Court finds that the
4  balance tips in Counter-claimants' favor.  The counter-claim was clearly brought in good faith, the
5  offer of judgment was brought in good faith and was reasonable.  While the offeree's decision to
6  reject the offer may not have been grossly unreasonable or in bad faith, that factor does not outweigh
7  the others.  Finally, the fees sought by counter-claimants are clearly reasonable and justified.
8  Therefore, the Court awards Counter-claimants their attorneys' fees.
9       Analyzing the factors found in Barney v. Mt. Rose Heating & Air Conditioning, 192 P.3d 730,
10 736 (Nev. 2008) and Local Rule 54-16, the Court finds the amount of attorneys' fees sought in this
11 action reasonable and necessary.  Furthermore, Masachi has only opposed liability for fees and not the
12 amount or calculation of fees.
13      First, Plaintiff achieved a positive result on the counter-claims.  The novelty and difficulty of
14 the questions involved was typical of this kind of property and business dispute.  Real estate
15 transactions gone bad are not unusual in this jurisdiction.  The case required the skill that is typically
16 expected of an attorney in this jurisdiction.  Counsel concedes that handling this action did not
17 preclude her or other associated counsel from accepting other employment.  The fixed fee charged by
18 Plaintiff's counsel is reasonable and customary in this jurisdiction for the kind of litigation that was
19 being conducted.  The experience, reputation and ability of the attorneys are commensurate with the
20 work they performed and the fee charged.  The other facts do not apply or affect the analysis.
21 Accordingly, the Court awards the $25,728.50 to Counter-claimants and against Counter-defendant.
22 III.  Conclusion
23      Accordingly, IT IS HEREBY ORDERED that Counter-claimants' Motion for Attorneys' Fees
24 (#133) is **GRANTED**;
25
26

1    IT IS FURTHER ORDERED that Counter-claimants, Malie Rayhan and The EMR Family
2 Trust, are awarded attorneys' fees and costs against Counter-defendant Peyman Masachi in the
3 amount of $25,728.50.
4    DATED this 27th day of September 2013.

_____
Kent J. Dawson
United States District Judge